IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff-Respondent,

v.                                              No. 98-cr-986 MCA

DANIEL TARANGO,

        Defendant-Petitioner.

## ORDER DENYING PETITION FOR WRIT OF *CORAM NOBIS*

**THIS MATTER** is before the Court on Defendant-Petitioner Daniel Tarango's *Emergency Petition for a Writ of Error Coram Nobis*, filed with the Court on September 23, 2015. [Doc. 77] On November 23, 2015, the Court ordered the Government to respond on or before December 3, 2015. [Doc. 80] The Government never responded. The Court considers Defendant-Petitioner's petition on its merits.

### I.    Background

In 1999, Defendant-Petitioner pled guilty in this court to a drug trafficking offense. He was sentenced to 46 months of incarceration and was ultimately deported in 2002. [Doc. 77 at 8; Doc 77-3] According to Defendant-Petitioner, defense counsel who represented him in negotiating and entering his plea advised him that although he would be deported as a result of his conviction, he could reenter the United States after ten years. [Doc. 77 at 3] Defendant-Petitioner asserts that based on defense counsel's advice he accepted the plea. [Doc. 77 at 3] Also based on that advice, Defendant-Petitioner remained outside the United States for ten years and reentered in 2013. [Doc. 77 at 5]

1

Defendant-Petitioner was subsequently arrested for "Reentry of a Removed Alien," in violation of 8 U.S.C §§ 1326(a) and (b), and is currently pending trial in that matter. *See United States v. Tarango,* 15-cr-3551 MCA. He argues that because of defense counsel's incorrect advice regarding his eligibility to reenter the country, he is now facing another federal sentence and deportation. [Doc. 77 at 7] Defendant-Petitioner asserts that had he known that he would never be eligible to reenter the United States, he would never have signed the plea. [Doc. 77 at 9]

Defendant moves the Court for a writ of *coram nobis* and requests the Court vacate and set aside his conviction in this case in its entirety, expunge and seal all records of the related arrest, indictment and conviction, and grant other relief as the Court deems just, equitable, and proper. [Doc. 77 at 12] Defendant's "central argument" is that he "received ineffective assistance of counsel contrary to the Sixth Amendment . . . when Defense Counsel not only coerced him into taking a plea without reviewing or discussing his defenses and/or the evidence against him but also gave Defendant-Petitioner false information regarding the implications of reentering the United States." [Doc. 77 at 6]. Defendant-Petitioner also argues that his plea was coerced and that his counsel was laboring under a conflict of interest. [Doc. 77 at 10]

### I.     Writ of *Coram Nobis*

Defendant-Petitioner brings this action pursuant to the All Writs Act, 28 U.S.C. § 1651, which confers on the federal courts the authority to grant a writ of *coram nobis*. *United States v. Denedo,* 556 U.S. 904, 911 (2009). "A petition for a writ of *coram nobis* provides a way to collaterally attack a criminal conviction for a person . . . who is no

longer 'in custody' and therefore cannot seek habeas relief under 28 U.S.C. § 2255." *Chaidez v. United States,* 133 S.Ct. 1103, 1106 n. 1 (2013). It is used "to attack a judgment that was infirm at the time it issued, for reasons that later came to light," *United States v. Torres*, 282 F.3d 1241, 1254 n. 6 (10th Cir. 2002) (brackets and citation omitted), and which has continuing consequences. *See United State v. Morgan*, 346 U.S. 502, 512 (1954). A writ of *coram nobis* is an "extraordinary remedy," only available in "'extraordinary' cases presenting circumstances compelling its use 'to achieve justice.'" *Denedo*, 556 U.S. at 911 (quoting *Morgan*, 346 U.S. at 511).

II.   **The rule established in *Padilla v. Kentucky* cannot be applied retroactively, thus, even taking Defendant-Petitioner's allegations as true, *Padilla* does not provide him with relief.**

Defendant-Petitioner asks this Court to apply *Padilla v. Kentucky*, 559 U.S. 356 (2010) and conclude that defense counsel was ineffective for failing to provide correct advice regarding the immigration consequences of his plea. In *Padilla*, the Supreme Court "held that criminal defense attorneys must inform non-citizen clients of the risks of deportation arising from guilty pleas." *Chaidez* 133 S.Ct. at 1106; *Padilla*, 559 U.S. at 368-69. Failing to do so where the law is clear, and failing to at least advise the client that there may be adverse immigration consequences where the law is less clear, rises to ineffective assistance of counsel. *Padilla*, 559 U.S. at 368-69. Here, there is no dispute that Defendant-Petitioner's counsel advised him that he would be deported as a result of his conviction. Defendant-Petitioner's contention is that counsel gave Defendant-Petitioner incorrect advice regarding the consequences of his conviction for reentry –

3

specifically defense counsel advised him that he could reenter after ten years when in actuality Defendant-Petitioner is ineligible for reentry.

Even assuming *arguendo* that Defendant-Petitioner's allegations are true, considering them for these purposes to fall within the ambit of what *Padilla* requires of defense counsel, and assuming the other requirements for a writ of *coram nobis* are met, the Court cannot apply *Padilla*. In *Chaidez*, the Supreme Court confirmed what our Tenth Circuit already held in *United States v. Chang Hong*, 671 F.3d 1147 (10th Cir. 2011): that the rule announced in "*Padilla* does not have a retroactive effect." *Chaidez*, 133 S.Ct. at 1105; *Chang Hong*, 671 F.3d at 1159 ("*Padilla* is a new rule of constitutional law but does not apply retroactively to cases on collateral review."). Because *Padilla* announced a new rule, a person like Defendant-Petitioner, whose conviction became final prior to the decision, cannot benefit from it. *Chaidez*, 133 S.Ct. at 1107.

Defendant-Petitioner acknowledges *Chang Hong*, and attempts to distinguish his case from it by pointing to the fact that while he is out of custody (for the purposes of the underlying conviction), the defendant in *Chang Hong* filed his § 2255 petition while in custody. [Doc. 77 at 6] This distinction does not make a difference. *Chaidez* itself is a *coram nobis* case and *Padilla* could not be applied there. *See also Ufele v. United States*, 825 F. Supp. 2d 193 (D.D.C. 2011) (pre-*Chaidez coram nobis* case holding *Padilla* did not apply retroactively); *Gudiel-Soto v. United States*, 761 F. Supp. 2d 234 (D. N.J. 2011) (pre-*Chaidez coram nobis* case holding *Padilla* did not apply retroactively where petitioner who had a prior conviction left the United States on vacation and was barred from re-entering as a result of his guilty plea).

Defendant-Petitioner's contested conviction became final in 1999, well before our Supreme Court decided *Padilla*. For that reason, the Court holds that *Padilla* cannot provide Defendant-Petitioner with relief. *Chaidez*, 133 S.Ct. at 1107.

### III. Defendant-Petitioner fails to show that relief under § 2255 was unavailable or would have been inadequate with respect to his other post-conviction claims.

In addition to Defendant-Petitioner's assertion that his counsel was ineffective under *Padilla*, Defendant-Petitioner raises claims regarding the ineffectiveness of his counsel and the invalidity of his plea. A petitioner seeking a writ of *coram nobis* must show that relief under § 2255 was unavailable or would have been inadequate. *United States v. Payne*, 644 F.3d 1111, 1112 (10th Cir. 2011); *United States v. Vasquez,* 515 Fed. Appx. 757, 758 (10th Cir. 2013) (unpublished) (holding defendant who failed to show he could not have raised his claims in a *habeas corpus* petition "may not challenge his conviction or sentence through a writ of coram nobis."). Additionally, a prerequisite for *coram nobis* relief is that a petitioner "exercise due diligence in seeking the writ." *United States v. Klein*, 880 F.2d 250, 254 (10th Cir. 1989); *Matus-Leva v. United States*, 287 F.3d 758, 760 (9th Cir. 2002) (a petitioner must show "valid reasons exist for not attacking the conviction earlier."). Defendant-Petitioner has not met these requirements.

Defendant-Petitioner asserts that his plea was "unknowing and involuntary" and defense counsel was ineffective because he only recalls speaking with defense counsel once by phone and briefly in court prior to entering his plea; defense counsel never discussed the evidence or possible defenses with him; defense counsel never sent Defendant-Petitioner discovery or reviewed discovery with him; and defense counsel

5

failed to do any investigation. [Doc. 77 at 9] Defendant-petitioner's wife was charged in the same case. He asserts that defense counsel explained that her case would be dismissed if Defendant-Petitioner entered the agreement. [Doc. 77 at 9] He argues that the promise of leniency for his wife coerced him into entering into the agreement. He also argues that defense counsel later represented Defendant-Petitioner's brother-in-law in 2002 in a related case, and this is evidence that defense counsel was laboring under a conflict of interest. [Doc. 77 at 10] Finally, Defendant-Petitioner contends that his plea was involuntary because defense counsel promised that he would be sentenced to 36 months, but he was actually sentenced to 46 months of incarceration and three years of supervised release. [Doc. 77 at 2, 10-11]

With respect to the immigration consequences of his conviction, Defendant-Petitioner offered an explanation for why he could not have pursued his *Padilla* claim through *habeas* proceedings or sought a writ earlier: he did not know of the error until he reentered the United States and was subsequently charged with the crime of illegal reentry of a removed alien. In contrast, Defendant-Petitioner does not offer any explanation as to why he could not have raised these other claims pursuant § 2255 other than that he was unaware of the remedy.[1] Having failed to show that he could not have sought relief under § 2255, Defendant-Petitioner may not challenge his conviction

---

[1] At the beginning of his brief, Defendant-Petitioner states generally that he did not file a *habeas* petition "because he was unaware of this right and, at the time, did not realize that he had a valid reason for filing such a petition." [Doc. 77 at 5] First, because Defendant-Petitioner specifically explains that he was unaware of the alleged error with regard to his *Padilla* argument, the Court understands this statement to go to that issue. Even if the Court were to apply this statement to the case in its entirety, this reason is not sufficient to show that *habeas* relief was unavailable or inadequate. *See Prost v. Anderson*, 636 F.3d 578, 589 (10th Cir. 2011) (explaining that failure to use § 2255 does not make the remedy inadequate or ineffective); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) ("it is well established that ignorance of the law, even for an incarcerated pro se petitioner, does not excuse prompt filing." (internal quotation marks and citation omitted)).

6

through a writ of *coram nobis*. *Payne*, 644 F.3d at 1113; *Vasquez*, 515 Fed. Appx. at 758. Similarly, Defendant-Petitioner does not show that he was diligent in pursuing the writ and thus does not meet this prerequisite to relief. *Klein*, 880 F.2d at 254.

For the foregoing reasons, the Court **DENIES** Defendant-Petitioner's *Emergency Petition for Writ of Error Coram Nobis* [Doc. 77].

**IT IS SO ORDERED this 8th of January, 2016.**

M. CHRISTINA ARMIJO
Chief United States District Court Judge